IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICIA GANDERT,

    Plaintiff,

vs.                                                                                              No. _____

FEDERAL EMERGENCY MANAGEMENT
AGENCY, and CAMERON HAMILTON, in
his official capacity as Senior Official
Performing the Duties of FEMA Administrator,

    Defendants.

## COMPLAINT FOR JUDICIAL REVIEW OF AGENCY ACTION

Plaintiff Patricia Gandert, by and through undersigned counsel, and for her Complaint for Judicial Review of Agency Action, states as follows:

## INTRODUCTION

1. In April 2022, two wildfires in New Mexico—the Hermit's Peak Fire and the Calf Canyon Fire—merged to form the Hermit's Peak/Calf Canyon Fire ("Fire").

2. The Fire burned over 340,000 acres, becoming the largest and most destructive wildfire in New Mexico's history.

3. Because the United States government caused the Fire, Congress enacted the Hermit's Peak/Calf Canyon Fire Assistance Act ("HPFAA" or "Act") (Pub. L. 117-180, 136 Stat. 2168 (2022)) to compensate victims for injuries suffered as a result of the Fire. The Act designated the Administrator of Defendant Federal Emergency Management Agency ("FEMA"), as the Administrator of claims and directed Defendant FEMA to expedite payments to victims of the Fire.

4. The Act further directed the Administrator to promulgate regulations for the processing and payment of claims under the Act. HPFAA, Pub. L. 117-180, § 104(f)(1), 136 Stat. 2168, 2173. These regulations are found at 44 C.F.R. Part 296.

5. The Act provides the right for judicial review of any final decision of the Administrator. Specifically, the Act states: "Any claimant aggrieved by a final decision of the Administrator under this Act may, not later than 60 days after the date on which the decision is issued, bring a civil action in the United States District Court for the District of New Mexico, to modify or set aside the decision, in whole or in part." HPFAA, Pub. L. 117-180, § 104(i)(1), 136 Stat. 2168, 2174.

6. Defendants denied Plaintiff's claim of emotional distress damages. Subsequently, Defendants denied Plaintiff's appeal of that claim as untimely and decided that Plaintiff lacked good cause for pursuing an untimely appeal. Plaintiff brings this action to set aside Defendants' final decision by which she has been aggrieved.

**JURISDICTION & VENUE**

7. This Court has jurisdiction under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States, and 28 U.S.C. §§ 1346 and 2671 because a Federal agency and its officer are defendants.

8. This Court also has jurisdiction under Section 104(i)(1) of the HPFAA, because the Act specifically states that this Court has jurisdiction over all final decisions of Defendants by which a person has been aggrieved.

9. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B)-(C) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, a substantial part of property that is the subject of the action is situated in this judicial

district, Plaintiff resides in this judicial district and/or because Section 104(i)(1) of the HPFAA expressly states that a civil action seeking judicial review of a final decision made by Defendants is to be filed in this Court.

## PARTIES

10. Plaintiff Patricia Gandert is a land owner who resides in New Mexico and is an individual who suffered damages as a result of the Fire. Plaintiff submitted claims to Defendant FEMA, one of which was a claim for emotional distress damages. Defendant FEMA denied Plaintiff's emotional distress claim and Plaintiff administratively appealed the denial. In its final decision, Defendant FEMA decided that Plaintiff's appeal was untimely and that Plaintiff did not have good cause to pursue an untimely appeal. Plaintiff has been aggrieved by this decision.

11. Defendant FEMA is an executive agency of the United States government and bears responsibility for the acts or omissions complained of herein.

12. Defendant Cameron Hamilton is the Senior Official Performing the Duties of FEMA Administrator and bears responsibility for the acts or omissions complained of herein. Plaintiff sues Defendant Hamilton in his official capacity as the acting administrator of Defendant FEMA. Plaintiff therefore hereafter collectively refers to Defendant Hamilton and Defendant FEMA as "Defendant."

## FACTUAL ALLEGATIONS

**I.    Congress Enacted the HPFAA to Promptly Compensate Victims of the Hermit's Peak/Calf Canyon Fire in a Fair and Just Manner and FEMA Promulgated Regulations and Policies to Effectuate Congressional Intent.**

13. On April 6, 2022, the U.S. Forest Service initiated a prescribed burn on federal forest land in San Miguel County, New Mexico, notwithstanding the fact that erratic winds were prevalent and the area was suffering from severe drought. Later that same day, the prescribed

burn became uncontained and was declared a wildfire. This wildfire became known as the Hermit's Peak Fire.

14. On April 19, 2022, the Calf Canyon Fire began burning on federal land in San Miguel County, New Mexico. The Calf Canyon Fire erupted from a dormant pile burn that the U.S. Forest Service had executed in January 2022.

15. On April 27, 2022, the Hermit's Peak Fire and the Calf Canyon Fire merged, creating the Fire.

16. The Fire ultimately became New Mexico's largest and most destructive wildfire in recorded history. It consumed more than 340,000 acres of land, trees, and vegetation, forced thousands of residents to flee, and destroyed 903 structures—including several hundred homes.

17. The U.S. Forest Service has taken responsibility for the Fire.

18. Congress, through enactment of the HPFAA, has sought to make thousands of individuals whole for the negligent acts of the federal government.

19. The purpose of the Act is twofold. First, it is "to compensate victims of the [Fire], for injuries resulting from the [F]ire." Second, it is "to provide for the expeditious consideration and settlement of claims for those injuries." HPFAA, Pub. L. 117-180, § 102(b)(1)-(2), 136 Stat. 2168, 2169

20. Under the Act, claimants are entitled to payments for "actual compensatory damages" to be determined "[n]ot later than 180 days after the date on which a claim is submitted under th[e] Act." HPFAA, Pub. L. 117-180, §§ 104(c)(3), (d)(1)(A)(i), 136 Stat. 2168, 2170, 2171.

21.     Pursuant to regulations and policies promulgated by Defendant, a claimant is entitled to administratively appeal Defendant's final decision as to whether, and how much, to compensate an injured person's claim.

22.     Pursuant to regulations and policies promulgated by Defendant, a claimant submits an initial Notice of Loss ("NOL") on a form prepared by Defendant. The NOL allows a claimant to claim four categories of losses: (1) loss of property, (2) business loss, (3) financial loss, and (4) personal injury.

23.     Pursuant to regulations and policies promulgated by Defendant, after receiving an acknowledgement of the NOL from Defendant, a claimant then submits a Proof of Loss ("POL") on a form prepared by Defendant.

24.     Pursuant to regulations and policies promulgated by Defendant, a claimant can submit multiple POLs for their claim if any of the losses are severable and can be considered on its own without affecting any other portion of the claim. Defendant then issues the claimant a Letter of Decision ("LOD") stating whether, and for how much, a partial payment will be made.

25.     Pursuant to regulations and policies promulgated by Defendant, a claimant is prohibited from appealing a Partial Payment LOD.

26.     Pursuant to regulations and policies promulgated by Defendant, at the conclusion of its claims-evaluation process, Defendant issues the claimant a Final LOD. The Final LOD sets forth a list of approved and denied loss line items ("LLIs"), with, if applicable, specific amounts denied for each LLI and the basis for the denial of each LLI.

27.     Pursuant to regulations and policies promulgated by Defendant, the claimant could administratively appeal the Final LOD by submitting a notice of appeal ("NOA") within

120 days of the Final LOD. Defendant requires the claimant to include in the NOA the appealed LLI "referenced in the Final LOD."

28. Pursuant to regulations and policies promulgated by Defendant, a claimant is allowed to submit an appeal after the 120-deadline upon a showing of good cause.

## II. **Defendant Denies Plaintiff's Claim for Emotional Distress Damages but Never Provides Plaintiff with a Final Appealable Decision for that Claim.**

29. On June 15, 2023, Plaintiff submitted her NOL to FEMA. In her NOL, Plaintiff explained that she had suffered loss of property and personal injury. Regarding loss of property, Plaintiff explained that she had 172.9 acres of property damaged by the Fire, resulting in a decrease in the value of her property and the need for extensive repairs and restoration. Regarding personal injury, Plaintiff explained that the Fire caused her to suffer emotional distress.

30. On July 19, 2023, Defendant sent Plaintiff a letter acknowledging her NOL and informing her that she had 150 days to submit her POLs.

31. Plaintiff submitted three POLs. First, on September 15, 2023, Plaintiff sought partial payment for her personal injury claim by submitting a POL requesting $250,000 in emotional distress damages. Second, on December 5, 2023, Plaintiff submitted another POL, requesting partial payment for the $10,650.00 she had incurred in hiring experts to assist her in determining the extent of her property damage. Finally, on December 12, 2023, Plaintiff submitted her last POL—requesting $2,553,640.00 for damages to her property caused by the Fire. The amount requested in this POL was the sum total of eight different types of property damage identified by her expert.

32.     On January 13, 2024, Defendant sent Plaintiff a Partial Payment LOD pertaining to her claimed emotional distress damages. The subject line of the letter stated: "PARTIAL PAYMENT POL 02567 – LETTER OF DETERMINATION." The Partial Payment LOD provided that Defendant would not compensate Plaintiff for her emotional distress damages because, according to Defendant, "[t]he claimed damages are not eligible under the [HPFAA] and implementing regulations."[1] Consistent with Defendant's regulations and policies that a Partial Payment LOD could not be appealed, the January 13, 2024 Partial Payment LOD did not include any information as to how Plaintiff could appeal Defendant's determination.

33.     On January 22, 2024, Defendant sent Plaintiff a Final LOD. The subject line of the letter stated: "**FINAL** LETTER OF DETERMINATION."

34.     The Final LOD included only two LLI's: one for "Reseeding Cost" and the other for "Other Sales Tax." The LLI for "Reseeding Cost" provided that Plaintiff had requested $2,553,640.00 for this claimed injury, but that only $1,379,614.54 had been approved. Consistent with Defendant's regulations and policies, the Final LOD provided that Plaintiff could "choose not to accept this determination amount [by] fil[ing] an administrative appeal."

35.     Under Defendant's regulations and policies, Plaintiff had until May 21, 2024, to administratively appeal the January 22, 2024 Final LOD.

---

[1] This Court, with the Honorable James O. Browning presiding, recently ruled that Defendant's position is unlawful. *See generally* Memo. Opinion & Order, *Dolan et al. v. Fed. Emergency Mgmt. Agency et al.*, No. 23-cv-00908-JB-JFR, Doc. 60 (Dec. 17, 2024).

36. On April 11, 2024, Plaintiff submitted her NOA. Consistent with Defendant's regulations and policies, Plaintiff specifically informed Defendant that she was "appealing all line items in the Final [LOD], dated January [22], 2024."[2]

37. On May 3, 2024, Defendant sent Plaintiff a letter claiming that her appeal of the January 22, 2024 Final LOD was premature because she had yet to receive LODs addressing all her POLs.

38. On May 23, 2024, Defendant sent Plaintiff a Partial Payment LOD pertaining to her claimed expert expenses. The subject line of the letter stated: "PARTIAL PAYMENT POL-021904 – LETTER OF DETERMINATION." The Partial Payment LOD provided that Defendant would compensate Plaintiff for the full amount she requested, i.e., $10,650.00. Like the January 13, 2024 Partial Payment LOD, the May 23, 2024 Partial Payment LOD did not include any information as to how Plaintiff could appeal Defendant's determination had she wanted to.

39. On June 13, 2024, Plaintiff resubmitted to Defendant a verbatim copy of her NOA of the January 22, 2024 Final LOD.

### III. Plaintiff Appeals Defendant's Denial of Her Emotional Distress Damages but Defendant Decides her Appeal to be Untimely and Lacking a Good Cause Excuse.

40. On November 8, 2024, Plaintiff appealed the January 13, 2024 Partial Payment LOD even though such action was contrary to Defendant's regulations and policies. Plaintiff did so because it had been more than 180 days since she had submitted her September 15, 2023 POL and she still had not received any Final LOD containing any LLI for her emotional distress claim.

---

[2] As set forth above, Plaintiff's claimed property damages in the amount of $2,553,640 represented the sum total of eight different types of property damages, only one of which were the expenses associated with reseeding. Although the Final LOD ultimately did address Plaintiff's eight categories separately, Plaintiff, consistent with Defendant FEMA's regulations

8

41.     On November 19, 2024, Defendant sent Plaintiff a letter rejecting the November 8, 2024 NOA—not on the grounds that it was premature, but because it was untimely. According to Defendant in this letter, the "final" LOD had been sent on May 23, 2024, when Defendant sent the Partial Payment LOD pertaining to the expert expenses. Thus, according to Defendant, Plaintiff had until September 20, 2024, i.e. 120 days after May 23, 2024, to appeal the determination made in the January 13, 2024 Partial Payment LOD.

42.     Defendant informed Plaintiff in the November 19, 2024 letter that it may extend the September 20, 2024 deadline if Plaintiff could demonstrate good cause.

43.     On November 25, 2024, Plaintiff sent Defendant a letter explaining that she was unaware that she had missed any deadline because no "Final LOD . . . for Emotional Distress has . . . been issued by FEMA." Plaintiff further explained that although Defendant had issued a Final LOD on January 22, 2024, that LOD did not include any LLIs pertaining to Plaintiff's claim for emotional distress. In sum, Plaintiff asserted: "We contend that we have good cause for submitting her NOA and that NOA was submitted within a reasonable timeframe, as no definitive deadline existed, and any perceived deadline was arbitrary and inconsistent with FEMA's own communications and actions." Regarding the May 23, 2024 Partial Payment LOD pertaining to expert expenses that was issued long after the January 22, 2024 Final LOD (and after the deadline for appealing the January 22, 2024 Final LOD already had expired), Plaintiff explained that this only served to "create[] ambiguity and confusion regarding her deadline to file her NOA for her Emotional Distress claim."

---

and policies, had to appeal the entire "Reseeding Cost" LLI because all of her claimed property damages were lumped into this one LLI.

44. On December 18, 2024, Defendant sent Plaintiff a letter rejecting her good cause explanation. According to Defendant, and contrary to its November 19, 2024 letter, the January 22, 2024 Final LOD was the "comprehensive" "final determination" that "gave [Plaintiff] the required 120-day period to file a" NOA of Defendant's denial of her emotional distress claim. Contradicting itself yet again, Defendant in the December 18, 2024 letter continued by claiming, "Since [Plaintiff] did not file an appeal regarding emotional distress within the 120-day period following the determination of all elements of her claim on May 23, 2024, any appeal filed after that deadline is untimely."

45. On December 20, 2024, Defendant sent a determination of Plaintiff's appeal of the January 22, 2024 Final LOD.

46. On February 21, 2025, Defendant informed Plaintiff that it had granted her a 30-day extension either to arbitrate or judicially challenge the determination that her appeal of Defendant's emotional distress determination was untimely. The current deadline for doing so is March 23, 2025.

47. Pursuant to HPFAA, Pub. L. 117-180, § 104(i), 136 Stat. 2168, 2174, and 44 C.F.R. § 296.43, Plaintiff now seeks judicial review.

## CAUSES OF ACTION

48. Plaintiff incorporates all previous paragraphs as if fully stated herein.

### COUNT 1: Judicial Review of Agency Action

49. Defendant has unlawfully withheld or unreasonably delayed Plaintiff's legal right to administratively appeal Defendant's determination that she is not entitled to compensation for emotional distress under the Act.

50. Defendant's determination that Plaintiff's appeal of the January 13, 2024 Partial Payment LOD is untimely is a final decision made reviewable by the Act.

51. Defendant's determination that Plaintiff should have challenged Defendant's January 13, 2024 denial of her emotional distress claim within 120 days of the January 22, 2024 Final LOD is a final decision made reviewable by the Act.

52. Defendant's determination that Plaintiff should have challenged Defendant's January 13, 2024 denial of her emotional distress claim within 120 days of the May 23, 2024 Partial Payment LOD is a final decision made reviewable by the Act.

53. Defendant's determination that Plaintiff did not establish good cause for failing to timely appeal Defendant's January 13, 2024 denial of her emotional distress claim is a final decision made reviewable by the Act.

54. The final decision(s) made by Defendant are not in accordance with law and/or are arbitrary and capricious.

55. The final decision(s) harm Plaintiff by depriving her of compensation to which she is entitled under the Act.

56. The final decision(s) made by Defendant should be reviewed and set aside by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Review and set aside any and all decisions made by Defendant that prevent her from administratively appealing Defendant's denial of her claim for emotional distress damages;

B. Direct Defendant to issue a Final Letter of Determination on her claim for emotional distress damages;

C.  Direct Defendant to pay Plaintiff interest on any future compensation for her emotional distress damages; and

D.  Grant all such further relief as it deems just and proper.

Respectfully submitted,

COBERLY LAW OFFICE

*/s/ Todd A. Coberly*
Todd A. Coberly
P.O. Box 24306
Santa Fe, NM 87502
(505) 306-4019
coberlylaw@gmail.com

&

LAW OFFICE OF E. MARVIN ROMERO

*/s/ E. Marvin Romero*
E. Marvin Romero
5501 Eagle Rock Ave. N.E., Suite A-3
Albuquerque, NM 87113
(505) 595-2100
marvin@emrpilaw.com

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Patricia Gandert

**DEFENDANTS**
Federal Emergency Management Agency; Cameron Hamilton

**(b)** County of Residence of First Listed Plaintiff: Santa Fe
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Coberly Law Office; P.O. Box 24306; Santa Fe, NM 87502; 505-306-4019 / Law Office of E. Marvin Romero; 5501 Eagle Rock Ave. N.E., Suite A-3; Albuquerque, NM 87113; 505-595-2100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
|  |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Hermit's Peak Fire Assistance Act, Pub. L. No. 117-180, sec. 104(i)(1), 136 Stat. 2168, 2173 (2022)

Brief description of cause:
Judicial Review of Agency Action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 03/17/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Todd A. Coberly

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.